UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SARAH ROBINSON | ) | |
| | ) | |
|     Plaintiff | ) | Case No.    19-cv-410-SPS |
| | ) | |
| v. | ) | Jury trial demanded |
| | ) | |
| KENDALL MORGAN in his individual capacity and ROB SEALE in his official and individual capacity | ) ) ) ) | |
|     Defendant | | |

## COMPLAINT

**COMES NOW**, the Plaintiff by and through her attorney of record and for her cause of action shows the court as follows:

### Jurisdiction

1. Pursuant to *28 USC § 1331* this court has jurisdiction as a result of the violation of a federal question; namely the violation of *42 USC § 1983* and the Fourth Amendment to the Constitution of the United States.

### Statement of the Case

2. At all relevant times the Defendant is acting under the color of law.

3. That at all relevant times Sarah Nicole Robinson was a resident of LeFlore County.

4. That at all relevant times Rob Seal was the Sheriff of LeFlore County and responsible for establishing policy for the Leflore County Sheriff's Department.

5. Additionally, the Defendant Rob Seal was responsible for the training and supervision of the deputies and employees of the Leflore County Sheriff's Department.

6. On or about January 9th 2018 the Plaintiff was walking along the highway outside of Poteau in Leflore County.

7. Law enforcement officers stopped the Plaintiff alleging she was walking down the road and an erratic manner.

8. Officers including Reed and Morgan arrived on the scene and conducted a field investigation and determining the Plaintiff was possibly under the influence of an illegal substance.

9. The Plaintiff was taken into custody handcuffed and placed the Plaintiff in a police car.

10. After the Plaintiff was cuffed and secured in the back seat of a patrol car the Defendant Morgan struck the Plaintiff in the face causing her to have a bleeding injury.

11. The Defendant Reed was present during the Plaintiff's arrest and failed to intervene to prevent Morgan from depriving Plaintiff of her constitutional rights.

12. Morgan and Reed's actions were malicious, intentional or done with reckless disregard of the Plaintiff's rights.

## Count I
## Excessive Force

13. The Plaintiff incorporates paragraphs 1-12 by reference herein.

14. The Plaintiff has a right as guaranteed by the Fourth Amendment to be free from unreasonable search and seizure.

15. The Amendment includes that Plaintiff's right to be free from the use of excessive force when the she was taken into custody and struck in the face by Morgan.

16. The Defendant Morgan violated the Plaintiff's rights under the Fourth Amendment when his arrest and use of force on the Plaintiff was unnecessary, unreasonable, and excessively violent.

17. The Defendant Reed in his individual capacity, violated the Plaintiff's rights as guaranteed by the Fourth Amendment by failing to intervene to prevent Morgan from violating the Plaintiff's rights.

**Count II**
**Negligent Training and Supervision**
**Violation 42 USC § 1983**

18. The Plaintiff incorporates paragraphs by reference herein.

19. The Defendant Seale in his official capacity was responsible for the training and supervision of Morgan.

20. That Reed failed to properly train of supervise Morgan in that the Defendant Morgan had engaged in unconstitutional behavior in the past and Reed failed to take any efforts to properly train or supervise Morgan in that regard.

21. Particularly that prior unconstitutional behavior regarding Morgan's excessive use of force in the arrest of Chad Osterhout.

22. That failure to train or supervise Morgan amounted to deliberate indifference and amounted to a violation of the Plaintiff's Constitutional rights.

### Count III
### Municipal Custom and Policy
### Violation of 42 USC § 1983

23. The Plaintiff incorporates paragraphs 1-22 by reference herein.

24. The Defendant Rob Seale in his official capacity was at all relevant times responsible for the making of policy that governed the operations of the LeFlore County Sheriff's Department.

25. That the there was a municipal policy to allow the excessive use of force. That said policy is manifested by a pattern of conduct.

26. That said policy was a driving force in the violation of the Plaintiff's civil rights as guaranteed by the Fourth amendment to the Constitution of the United States.

**WHEREFORE,** the Plaintiff prays for a judgment against the defendants Rob Seale in his individual and official capacity, and Morgan for any medical expenses; lost wages; emotional and physical pain and suffering; against Morgan and Seale in their individual capacities for punitive damages; and against all defendants for the cost of the action including a reasonable attorney fee.

Respectfully submitted,

/s/ David Blades
DAVID BLADES OBA 15187

5801 E. 41ST STREET STE 300  
TULSA, OKLAHOMA 74135  
(918) 770-4890