IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SARAH ROBINSON, )<br> )<br>       *Plaintiff*, )<br> )<br>*vs*. )<br> )<br>1. KENDALL MORGAN, *individually*, )<br>2. ROB SEALE, *individually*, )<br>3. SHERIFF OF LEFLORE CTY., )<br>*officially*, )<br>4. LEFLORE CTY. BD. OF CTY. )<br>COMM'RS, )<br> )<br>       *Defendants*. ) | Case No.: 19-cv-0410-SPS |

**SUBPOENA DUCES TECUM**

**TO:** Oklahoma State Bureau of Investigation
   6600 N. Harvey Place
   Oklahoma City, OK 73116

   **VIA CERTIFIED MAIL RETURN RECEIPT**

**GREETINGS:**

   **YOU ARE HEREBY COMMANDED** to produce designated documents, electronically stored information and/or tangible things in your possession, custody and/or control or permit inspection and copying of the documents and tangible things listed below in conformance with FED. R. CIV. P. 45(a)(1)(A)(iii). All parties to this case are being given notice that this Subpoena has been served. You can comply with this Subpoena by doing one of the following:

  1. Produce the original materials at the offices of GOOLSBY PROCTOR HEEFNER & GIBBS PC at ***10:00 a.m. on Friday, June 18, 2021***, and allow reasonable time and opportunity for the material to be copied by us at our expense, or;

1

**EXHIBIT**
1

2. Deliver, mail, or electronically transmit copies or electronic files to GOOLSBY PROCTOR HEEFNER & GIBBS PC *by 10:00 a.m. on Friday June 18, 2021*.

3. If you object to the production of any of the documents, tangible things or any portions thereof requested herein, you may serve a written objection upon GOOLSBY PROCTOR HEEFNER & GIBBS PC within *fourteen (14) days* or *by Wednesday, June 2, 2021*.

Any materials being produced, any objection being served, and all other communications concerning this Subpoena should be addressed to:

GOOLSBY PROCTOR HEEFNER & GIBBS, PC
c/o Seth D. Coldiron
701 N. Broadway Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 524-2400
Facsimile: (405) 525-6004
Email: scoldiron@gphglaw.com

## INSTRUCTIONS

1. This Subpoena Duces Tecum is authorized pursuant FED. R. CIV. P. 26, 34 & 45.

2. This Subpoena Duces Tecum is intended to ascertain information from You, and requires You to make a full and complete search of all records Your custody, possession, control or at Your or Your agents, investigators, servants, representatives or employees, disposal.

3. In answering and responding to this Subpoena Duces Tecum, You must make a diligent search of Your records and of other papers and materials available to You or Your agents, investigators, servants, representatives, employees or any other person acting on Your behalf.

4. All non-privileged information that is in Your possession, custody or control is to be divulged.

5. In the event that You object to any of the individual requests sought by this Subpoena Duces Tecum or any part thereof, please provide a detailed statement of the grounds for Your objection.

**6.     If you withhold any documents requested pursuant to this Subpoena Duces Tecum for any reason whatsoever, you must provide a log as to each document which should include the following information:**

        a.  date of document,

        b.  the author(s),

        c.  the recipient(s),

        d.  a general description of the document's contents that allow one to ascertain the basis or grounds for non-disclosure, and;

        e.  the specific grounds or reasons for withholding such information, including any claims of privilege.

7.     For any documents no longer in your custody or control, identify the document by date, author(s), recipient(s), general description of its contents, if known, and state whether it is missing, lost, destroyed, transferred to others or otherwise disposed of.

8.     Any copies of electronically stored information (ESI) being produced electronically in response to this Subpoena Duces Tecum must be produced in one of the following formats:

Portable Document Format (PDF),

Tagged Image File Format (TIFF),

Third Generation Partnership Project (3GP),

Advanced Audio Coding (ACC,)

Advanced Video Coding High Definition (AVCHD),

Motion Picture Experts Group Part 4 (MPEG-4),

Windows Media Video (WMV), or

Windows Media Audio (WMA)

## DOCUMENTS REQUESTED

This Subpoena Duces Tecum requires that you produce for copying and inspection ***ALL AUDIO or AUDIOVISUAL FILES OR RECORDINGS*** (see definition, below) regarding the following:

| | |
|---|---|
| OSBI File No.: | OSBI 2018-871 |
| Offense: | Civil Rights Violation Assault and Battery |
| Victims: | Sate of Oklahoma, *et al*. |
| Subject: | Kendall Morgan |
| Disseminated to: | OSBI Special Agent Shawn Ward |
| Volume No.: | Prosecutorial Report I |

including, without limitation, all recorded or videotaped interviews of the following individuals:

| | |
|---|---|
| John David Albert, II | Andrew Pohl |
| Officer Trent Bell | Ginette Poirier |
| Deputy Andrew Bevil | Doyle Potter |
| Officer Theo Capes | Deputy Tyler Ragan |
| Deputy Justin Carmack | Sara Robinson-Prock-Parker |
| Matthew Culpepper | Jordan Scott |
| Chief Michael Draper | Sheriff Rob Seale |
| Detention Officer Adam Eden | Richard Tackett |
| Deputy Cody Edwards | Deputy Jason Timms |
| Lieutenant Donnie Edwards | Officer Arthur Ward |
| Officer Jeremy Emmert | Officer John Whitaker |
| Addision Entmeier | Deputy Michael "Wes" Wiles |
| Jeffrey Fox | Investigator Terry Winn |
| Kendall Morgan | Joseph Woodard |
| Christopher Peterson | |

The terms "*audio files*" or "*recordings*" as used above, means any audio or visual, sound or picture, captured onto a storage medium whether physically maintained on magnetic tape, optical disc, solid state drive, or otherwise electronically stored, in its entirety, including, when appropriate, any supplements, amendments, or revisions, in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing comments, opinions, discussion, or other information not in the original, including, but not limited to, computer data, computer floppy disks, computer hard disks, any method of computer information storage not

described, similar to any of the foregoing, and all other recordings within the meaning of "documents" as defined by FED. R. CIV. P. 34.

This Subpoena Duces Tecum is authorized pursuant to FED R. CIV. P. 45. As an officer of the court, an attorney authorized to practice in the court may issue and sign a subpoena on behalf of federal court. FED. R. CIV. P. 45(a)(3)(a). **Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed in contempt of the court from which the subpoena was issued**. FED. R. CIV. P. 45(e).

The person upon whom this Subpoena Duces Tecum is served is allowed a period of fourteen (14) days after the date of service of the subpoena or before the time specific for compliance if such time is less than fourteen (14) days after service, to serve upon the party or attorney designated in the subpoena a written objection to inspection of the designated materials. FED. R. CIV. P. 45(C)(2)(b). In order to allow objections to the production of documents and things to be filed, *you should not produce the documents and things until the date specified in this subpoena*, and *if an objection is filed*, *you should not produce the documents and things until the court rules on the objection*. FED. R. CIV. P. 45(C)(2)(b)(i)-(ii).

The following recitation of FED. R. CIV. P. 45(c), (d) & (e) relating to your protection as a person subject to a subpoena, your duty to respond, and the potential consequences of not doing so, is required to be included in this Subpoena pursuant to FED. R. CIV. P. 45(a)(1)(A)(iv):

> **(c) Protecting a Person Subject to a Subpoena.**
> **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
> **(2)** *Command to Produce Materials or Permit Inspection.*
> **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
> **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena

a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
> **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue

burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of FED. R. CIV. P. 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**HEREOF** fail not, under penalty of law, this 21st day of May 2021.

GOOLSBY PROCTOR HEEFNER & GIBS, PC

*/s/Seth D. Coldiron*
James L. Gibbs, II (OBA #15689)
Seth D. Coldiron (OBA #20041)
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK  73102-6006
Telephone: (405) 524-2400
Facsimile: (405) 525-6004

Email: jgibbs@gphglaw.com
scoldiron@gphglaw.com

*Attorneys for Defendant,*
*Kendall Morgan*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 21, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| David Blades<br>5801 E. 41st Street, Suite 300<br>Tulsa, OK 74135<br><br>*and*<br><br>Paul Gee<br>GEE LAW FIRM, PLLC<br>3314 E. 51st St., Ste 208<br>Tulsa, OK 74135<br><br>Email: pgee@paulgeelaw.com<br><br>*Attorneys for Plaintiff,*<br>*Sarah Robinson* | Ambre C. Gooch<br>Michael L. Carr<br>COLLINS, ZORN & WAGNER, P.C.<br>429 N.E. 50th St, 2nd Floor<br>Oklahoma City, OK 73105-1815<br><br>Email: acg@czwlaw.com<br>            mlc@czwlaw.com<br><br>*Attorneys for Defendants,*<br>*Sheriff of LeFlore County, Okla., in*<br>*his official capacity, Rob Seale, in*<br>*his individual capacity, and Bd. of*<br>*Cty. Comm'rs of LeFlore Cty.* |

                                              /s/*Seth D. Coldiron*
                                              Seth D. Coldiron